## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **KENNETH HARRIS,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:14-cv-1087** |
| | § | |
| **PEERLESS INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant** | § | |

### NOTICE OF REMOVAL OF ACTION
### UNDER 28 U.S.C. §§ 1332 and 1441(a) (DIVERSITY)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Peerless Indemnity Insurance Company ("Peerless"), hereby petitions this Court pursuant to 28 U.S.C. §§ 1332 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Western District of Texas, Austin Division, of the action styled *Kenneth Harris v. Peerless Indemnity Insurance Company,* Cause No. D-1-GN-14-004563, currently pending in the 200th Judicial District Court of Travis County, Texas (the "State Court Case") and in support thereof would respectfully show this Court as follows:

### I.
### FACTS

1.     Plaintiff filed suit in the State Court Case on October 30, 2014, as the result of his claim for uninsured/underinsured motorist benefits under automobile Policy No. BA 8325449 issued by Peerless Indemnity Insurance Company.  Plaintiff alleges that "at the time of the collision Lori Whitley maintained financial responsibility, but her liability limits of $50,000 were so low that she was effectively uninsured...."  Plaintiff's Original Petition (the "Petition") at ¶ 14.  Plaintiff alleges that Peerless' failure to promptly pay the full policy limits of the Plaintiff's policy violates the Texas Insurance Code.  Petition at ¶ 20.  Plaintiff seeks not only his damages

as a result of the automobile accident, including physical pain, suffering and mental anguish, scarring and disfigurement, past and future, but also additional damages which he alleges were caused by Peerless' handling of his claim. Peerless denies that Plaintiff is entitled to these benefits or damages.

2.      Defendant Peerless Indemnity Insurance Company was served with Plaintiff's Original Petition and Citation on November 10, 2014. Defendant filed its Original Answer on November 26, 2014.   A true and correct copy of all pleadings, process, orders, and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3.      In accordance with standard Texas practice, the Petition fails to state the total amount of damages sought in this action.  However, Plaintiff pleads that he suffered serious injuries as a result of the automobile accident and the tortfeasor driver's policy limits of $50,000 are too low.  Petition at ¶¶ 11 and 14.  On his Civil Case Information Sheet attached to the Petition, Plaintiff checked the box affirming his intention to seek "over $200,000 but not more than $1,000,000" in damages. *See* Ex. A, Civil Case Information Sheet.  In addition to damages resulting from the automobile accident, Plaintiff seeks additional damages resulting from Defendant's alleged bad faith in its handling of his claim, including three times his actual and mental anguish damages for alleged violations of the DTPA and Insurance Code, late payment penalties of 18% per annum pursuant to the Texas Prompt Payment of Claims Act, and attorney's fees, which are also considered for ascertaining the amount in controversy for removal purposes. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, Defendant believes Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs.

4.      Complete diversity exists between the Plaintiff and Defendant now and so existed on the date of filing of the State Court case.  Peerless is an insurance company incorporated in the State of Illinois with its principal place of business in Boston, Massachusetts.  Peerless is a resident of Illinois and not the State of Texas.

5.      This action is a civil action which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Defendant is not a citizen of the State of Texas.

## II.
## PROCEDURAL REQUIREMENTS

6.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

7.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Travis County, Texas promptly after the filing of this Notice.

8.      Attached hereto and incorporated herein, are the following items:

Exhibit A:     A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B:     State Court docket sheet.

Exhibit C:     List of all counsel of record.

Exhibit D:     Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Peerless Indemnity Insurance Company requests that this action be removed from the 200th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:   (512) 472-7700
Facsimile:   (512) 472-0205

By: _____
     Catherine L. Hanna
     State Bar No. 08918280
     Email:  channa@hannaplaut.com
     J. Todd Key
     State Bar No.  24027104
     Email:  tkey@hannaplaut.com

**ATTORNEYS FOR DEFENDANT PEERLESS
INDEMNITY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been
forwarded via facsimile on this 9th day of December, 2014 to:

***Via Facsimile (214) 810-4879***
W. Cullen McMahon
W. Cullen McMahon, PLLC
13355 Noel Road, Suite 1370
Dallas, Texas  75240
*Attorney for Plaintiff*

_____
J. Todd Key

# EXHIBIT "A"

10/30/2014 2:43:50 PM
**Amalia Rodriguez-Mendoza**
**District Clerk**
**Travis County**
**D-1-GN-14-004563**

D-1-GN-14-004563

CAUSE NO. _____

| | | |
|---|---|---|
| **KENNETH HARRIS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| Plaintiff, | § | |
| | § | |
| **VS.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **PEERLESS INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | 200TH |
| Defendant. | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff, KENNETH HARRIS, files this his Original Petition against Defendant,

PEERLESS INDEMNITY INSURANCE COMPANY, and alleges as follows:

### DISCOVERY CONTROL PLAN

1.    Discovery in this case is intended to be conducted under Level 2 of the Texas Rules

of Civil Procedure 190.

### PARTIES

2.    Plaintiff, KENNETH HARRIS, is an individual who resides in Austin, Travis

County, Texas.

3.    Defendant, PEERLESS INDEMNITY INSURANCE COMPANY, is an insurance

company authorized to do business in the State of Texas that may be served through their

attorney for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin

TX 78701-3218, or wherever Defendant may be found.

### VENUE

4.    Venue of this action is proper in Travis County, Texas pursuant to § 15.001 of the

Texas Civil Practice and Remedies Code as all or part of Plaintiff's cause of action occurred

in Travis County, Texas.

### FACTUAL BACKGROUND

5.      On or about November 5, 2010, Plaintiff was the driver of a Chevrolet pickup, traveling eastbound on West Slaughter Lane.

6.      Plaintiff slowed and then stopped behind a disabled vehicle located in or about the 1000 block of West Slaughter Lane, near the intersection of United Kingdom Drive, when the vehicle operated by Lori Whitley struck the rear of Plaintiff's vehicle, forcing Plaintiff into the vehicle in front of him.

7.      Plaintiff was covered by automobile insurance from PEERLESS INDEMNITY INSURANCE COMPANY. The policy provided Plaintiff with coverage for personal injuries arising from a motor vehicle collision with an underinsured or uninsured motorist.

### NEGLIGENCE

8.      Lori Whitley had a duty to exercise ordinary care and operate her vehicle reasonably and prudently.

9.      Lori Whitley breached the duty of care in the following ways:

   a) Failing to timely apply the brakes.

   b) Failing to maintain a proper lookout.

   c) Failing to maintain proper control of her vehicle.

   d) Failing to turn the vehicle to avoid the collision.

   e) Driving her vehicle at a rate of speed greater than that at which an ordinarily prudent person would have driven under the same or similar circumstances.

   f) Following Plaintiff's vehicle more closely than an ordinarily prudent person

would have done under the same or similar circumstances.

10.     Plaintiff's injuries were proximately caused by Lori Whitley's negligent, careless and reckless disregard of said duty.

### DAMAGES

11.     Plaintiff sustained personal injuries and damages proximately caused by the negligence of Lori Whitley, as set forth above, including but not limited to:

  a)  Reasonable and necessary medical expenses, past and future;

  b)  Physical pain, suffering and mental anguish, past and future;

  c)  Scarring and disfigurement, past and future;

  d)  Physical impairment, past and future;

  e)  Lost wages and lost wage earning capacity.

12.

13.     Plaintiff states for notice purposes that by this pleading he is claiming any and all damages to which he is entitled under Texas law.

### UNDERINSURED MOTORISTS STATUS

14.     Plaintiff would show that at the time of the collision Lori Whitley maintained financial responsibility, but her liability limits of $50,000 in coverage was so low that she was effectively underinsured for the damages caused to Plaintiff.

### UNDERINSURED MOTORIST COVERAGE

15.     Having determined that Lori Whitley was at the time of the occurrence described above, operating an underinsured motor vehicle, as the term is defined in the policy of insurance, Plaintiff timely and properly notified PEERLESS INDEMNITY INSURANCE

COMPANY of the accident.  Plaintiff has fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit.  All conditions precedent have been performed or have occurred.  Nevertheless, PEERLESS INDEMNITY INSURANCE COMPANY has failed and refused, and still fails and refuses, to pay Plaintiff the underinsured motorists benefits under the applicable policy, as it is contractually required to do so.

16.  Therefore, Plaintiff sues Defendant PEERLESS INDEMNITY INSURANCE COMPANY herein for all damages and policy benefits to which he is entitled as a result of being involved in a motor vehicle collision proximately caused by the negligence of Lori Whitley, an underinsured driver.

## PETITION FOR DECLARATORY RELIEF

17.  Based on the foregoing facts and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant at the time of the accident, Plaintiff seeks a declaratory judgment pursuant to Tex.Civ.Prac. & Rem. Code Ch. 37.  Plaintiff seeks a declaration construing the contract of insurance and declaring Plaintiff's rights to underinsured motorists coverage.

18.  Specifically, Plaintiff seeks a finding that Lori Whitley is an underinsured motorist, that Plaintiff is entitled to recover from Defendant Plaintiff's damages resulting from the motor vehicle collision the subject of this suit, that Plaintiff's damages fall within the coverage afforded Plaintiff under the policy with Defendant, and specifying the amount of damages, attorney's fees, interest, and court costs that Defendant is obligated to pay.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

19.     The evidence in this case establishes that Defendant breached its duty to act in good faith and fairly deal with Plaintiff in that Defendant has no reasonable basis for refusing to tender the policy limits under the Underinsured Motorist protection coverage held by the Plaintiff.  As a consequence, Defendant is liable for actual damages, and other relief as pled for in this petition.

### LIABILITY UNDER TEXAS INSURANCE CODE

20.     The Defendant's failure to attempt to effectuate a prompt, fair and equitable settlement with respect to which Lori Whitley's liability has become reasonably clear and its failure to promptly pay the full policy limits of the Plaintiff's policy violates Texas Insurance Code Sec. 541.060 and 542.051 *et. seq.*

### BREACH OF CONTRACT

21.     The evidence in this case establishes that PEERLESS INDEMNITY INSURANCE COMPANY has a contractual obligation to pay Plaintiff for the damages he incurred in the collision made the basis of this suit.  Defendant has failed to comply with the contract between the parties and is therefore liable for breach of contract.

### ATTORNEYS FEES

22. As a result of Defendant's actions complained of in this Petition, Plaintiff was required to engage the services of undersigned counsel.  Plaintiff, therefore, seeks reimbursement of reasonable attorney's fees, inasmuch as Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit.  Pursuant to the Texas Civil Practice and Remedies Code, Plaintiff hereby makes this written presentment of his claim for attorney fees.

### REQUEST FOR DISCLOSURE

23.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within fifty (50) days of the service of this request upon each Defendant, the information or material described in Rule 194.2.

### PRAYER

24.    WEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and that on final trial Plaintiff have and recover:

   a)    Judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiff's actual damages;

   b)    Declaratory relief as outlined in this petition;

   c)    Pre-judgment interest;

   d)    Post-judgment interest;

   e)    Costs of court; and

   f)    All such other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

W. CULLEN MCMAHON, PLLC

BY:    _____

W. Cullen McMahon
Texas Bar No. 24079760
13355 Noel Road, Suite 1370
Dallas, Texas 75240
(214) 810-4878 – Telephone
(214) 810-4879 – Facsimile
cullen@mcmahonlawfirm.com

ATTORNEY FOR PLAINTIFF

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED   KENNETH HARRIS V. PEERLESS INDEMNITY INSURANCE COMPANY
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Cullen McMahon<br><br>**Email:** cullen@mcmahonlawfirm.com | **Plaintiff(s)/Petitioner(s):**<br><br>KENNETH HARRIS | [X] Attorney for Plaintiff/Petitioner<br>[ ] Pro Se Plaintiff/Petitioner<br>[ ] Title IV-D Agency<br>[ ] Other: |
| **Address:** 13355 Noel Road, Suite 1370 | **Telephone:** (214) 810-4878 | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Dallas, TX 75240 | **Fax:** (214) 810-4878 | **Defendant(s)/Respondent(s):**<br><br>PEERLESS INDEMNITY<br><br>INSURANCE COMPANY<br><br>**Custodial Parent:**<br><br>**Non-Custodial Parent:**<br><br>**Presumed Father:** |
| **Signature:** /s/ | **State Bar No:** 24079760 | [Attach additional page as necessary to list all parties] |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-Judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>[ ] Consumer/DTPA<br>[ ] Debt/Contract<br>[ ] Fraud/Misrepresentation<br>[X] Other Debt/Contract:<br>___INSURANCE___<br>*Foreclosure*<br>[ ] Home Equity—Expedited<br>[ ] Other Foreclosure<br>[ ] Franchise<br>[ ] Insurance<br>[ ] Landlord/Tenant<br>[ ] Non-Competition<br>[ ] Partnership<br>[ ] Other Contract: | [ ] Assault/Battery<br>[ ] Construction<br>[ ] Defamation<br>*Malpractice*<br>[ ] Accounting<br>[ ] Legal<br>[ ] Medical<br>[ ] Other Professional<br>Liability:<br><br>[X] Motor Vehicle Accident<br>[ ] Premises<br>*Product Liability*<br>[ ] Asbestos/Silica<br>[ ] Other Product Liability<br>List Product:<br><br>[ ] Other Injury or Damage: | [ ] Eminent Domain/<br>Condemnation<br>[ ] Partition<br>[ ] Quiet Title<br>[ ] Trespass to Try Title<br>[ ] Other Property: | [ ] Annulment<br>[ ] Declare Marriage Void<br>*Divorce*<br>[ ] With Children<br>[ ] No Children | [ ] Enforcement<br>[ ] Modification—Custody<br>[ ] Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | [ ] Expunction<br>[ ] Judgment Nisi<br>[ ] Non-Disclosure<br>[ ] Seizure/Forfeiture<br>[ ] Writ of Habeas Corpus—<br>Pre-indictment<br>[ ] Other: | [ ] Enforce Foreign<br>Judgment<br>[ ] Habeas Corpus<br>[ ] Name Change<br>[ ] Protective Order<br>[ ] Removal of Disabilities<br>of Minority<br>[ ] Other: | [ ] Enforcement/Modification<br>[ ] Paternity<br>[ ] Reciprocals (UIFSA)<br>[ ] Support Order<br><br>**Parent-Child Relationship**<br>[ ] Adoption/Adoption with<br>Termination<br>[ ] Child Protection<br>[ ] Child Support<br>[ ] Custody or Visitation<br>[ ] Gestational Parenting<br>[ ] Grandparent Access<br>[ ] Parentage/Paternity<br>[ ] Termination of Parental<br>Rights<br>[ ] Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| [ ] Discrimination<br>[ ] Retaliation<br>[ ] Termination<br>[ ] Workers' Compensation<br>[ ] Other Employment: | [ ] Administrative Appeal<br>[ ] Antitrust/Unfair<br>Competition<br>[ ] Code Violations<br>[ ] Foreign Judgment<br>[ ] Intellectual Property | [ ] Lawyer Discipline<br>[ ] Perpetuate Testimony<br>[ ] Securities/Stock<br>[ ] Tortious Interference<br>[ ] Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| [ ] Tax Appraisal<br>[ ] Tax Delinquency<br>[ ] Other Tax | *Probate/Wills/Intestate Administration*<br>[ ] Dependent Administration<br>[ ] Independent Administration<br>[ ] Other Estate Proceedings | [ ] Guardianship—Adult<br>[ ] Guardianship—Minor<br>[ ] Mental Health<br>[ ] Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court<br>[ ] Arbitration-related<br>[ ] Attachment<br>[ ] Bill of Review<br>[ ] Certiorari<br>[ ] Class Action | [ ] Declaratory Judgment<br>[ ] Garnishment<br>[ ] Interpleader<br>[ ] License<br>[ ] Mandamus<br>[ ] Post-judgment | [ ] Prejudgment Remedy<br>[ ] Protective Order<br>[ ] Receiver<br>[ ] Sequestration<br>[ ] Temporary Restraining Order/Injunction<br>[ ] Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[X] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

Rev. 2/13

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-14-004563**

KENNETH HARRIS

, Plaintiff

vs.

PEERLESS INDEMNITY INSURANCE COMPANY

, Defendant

TO:  PEERLESS INDEMNITY INSURANCE COMPANY
     BY SERVING THEIR ATTORNEY FOR SERVICE, CORPORATION SERVICE COMPANY
     211 EAST 7TH STREET, SUITE 620
     AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on OCTOBER 30, 2014 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, November 06, 2014.

REQUESTED BY:                           AMALIA RODRIGUEZ-MENDOZA
WILLIAM CULLEN MCMAHON                   Travis County District Clerk
13355 NOEL ROAD, SUITE 1370             Travis County Courthouse
DALLAS, TX 75240                        1000 Guadalupe, P.O. Box 679003 (78767)
BUSINESS PHONE:(214)810-4878  FAX:(214)810-4879   Austin, Texas 78701

                                        By_____
                                        PATSY YBARRA, Deputy

-- - -- -- -- - -- - -- - R E T U R N -- -- - -- -- - -- - -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at _____ within the County of _____ on the _____ day of _____, _____ at _____ o'clock _____M., by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.                    _____
                                                          Sheriff / Constable / Authorized Person

                                                          By:_____

_____                      _____
Notary Public, THE STATE OF TEXAS                         Printed Name of Server

                                                          _____ County, Texas

D-1-GN-14-004563                        CERTIFIED MAIL              D01 - 000071223

     ⬚ Original        ⬚ Service Copy



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
PEERLESS INDEMNITY INSURANCE COMPANY
BY SERVING THEIR ATTORNEY FOR SERVICE, CSC
211 EAST 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218

PS Form 3800, August 2006        See Reverse for Instructions

7012 3460 0000 9009 0519

Unofficial copy - Travis County District Clerk - Amalia Rodriguez-Mendoza

11/26/2014 11:20:52 AM
**Amalia Rodriguez-Mendoza**
**District Clerk**
**Travis County**
D-1-GN-14-004563

CAUSE NO. D-1-GN-14-004563

| | | |
|---|---|---|
| KENNETH HARRIS, | § | IN THE DISTRICT COURT OF |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | TRAVIS COUNTY, TEXAS |
| PEERLESS INDEMNITY INSURANCE | § | |
| COMPANY, | § | |
| **Defendant** | § | 200th JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF PEERLESS INDEMNITY INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Peerless Indemnity Insurance Company ("Peerless"), Defendant in the above-titled cause and files this Original Answer to Plaintiff's Original Petition and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Defendant hereby interposes a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure and denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands that Plaintiff prove the truth of his allegations by a preponderance of the believable evidence.

### II.
### SPECIAL EXCEPTION

Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Defendant specially excepts to Plaintiff's pleading for failure to state the amount of damages Plaintiff is seeking. A plaintiff's pleading must contain a statement that his claims seek an amount for: (1) monetary relief of $100,000 or less; (2) monetary relief of $100,000 or less and non-monetary relief; (3) monetary relief over $100,000 but not more than $200,000; (4)

monetary relief over $200,000 but not more than $1,000,000; or (5) monetary relief of over $1,000,000.   No discovery may be conducted until the pleading contains the required damages statement.

### III.
### AFFIRMATIVE DEFENSE

In addition to any other legal and factual defense that Peerless may have to Plaintiff's causes of action, Peerless specifically avers that Plaintiff has not established that he is "legally entitled to recover" from the uninsured motorist, a condition precedent to recovery under the policy. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006).

WHEREFORE, PREMISES CONSIDERED, Defendant Peerless Indemnity Insurance Company respectfully prays that upon final hearing hereof, Plaintiff takes nothing by reason of this action, that Defendant be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: _____
Catherine L. Hanna
State Bar No. 08918280
J. Todd Key
State Bar No. 24027104

**ATTORNEYS FOR DEFENDANT
PEERLESS INDEMNITY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by facsimile on this the ___26TH___ day of November, 2014 to:

*__Via Facsimile: 214.810.4879__*
W. Cullen McMahon
W. Cullen McMahon, PLLC
13355 Noel Road, Suite 1370
Dallas, Texas  75240
*Attorney for Plaintiff*

J. Todd Key

# EXHIBIT "B"



DIRECTORY | GOVERNMENT | JUSTICE | BUSINESS | RESIDENT | ONLINE SERVICES

## DISTRICT CLERK RECORDS SEARCH    Logout

D-1-GN-14-004563 - HARRIS VS PEERLESS INDEMNITY (Court 200)

Records Request
New Search
Back

Summary | Events | Parties | Documents

### Cause Events

Drag a column header here to group by that column

| Event Date | Type | Category | Court |
|---|---|---|---|
| 11/26/2014 | ORIGINAL ANSWER | ANS-RESP | 200 |
| 11/06/2014 | ISS:CITATION | ISSUANCE | 200 |
| 10/30/2014 | ASM:GN CIVIL PETITION | FINANCIAL EVENT | |
| 10/30/2014 | ASM:CITATION ISSUE | FINANCIAL EVENT | |
| 10/30/2014 | ASM:SERVICE BY DISTRICT CLERK | FINANCIAL EVENT | |
| 10/30/2014 | ORIGINAL PETITION/APPLICATION | PET-PL | 200 |
| 10/30/2014 | NEW:ORIGINAL PETITION/APPL | CIVIL COMPLAINT | 200 |

# EXHIBIT "C"

## <u>LIST OF ALL COUNSEL OF RECORD</u>

### <u>Counsel for Plaintiff Kenneth Harris</u>
W. Cullen McMahon
W. Cullen McMahon, PLLC
13355 Noel Road, Suite 1370
Dallas, Texas   75240
(214) 810-4878 (Telephone)
(214) 810-4879 (Facsimile)

### <u>Counsel for Defendant Peerless Indemnity Insurance Company</u>
Catherine L. Hanna
J. Todd Key
Hanna & Plaut, LLP
211 East Seventh Street, Suite 600
Austin, Texas  78701
(512) 472-7700 (Telephone)
(512) 472-0205 (Facsimile)

# EXHIBIT "D"

## <u>INDEX OF ALL DOCUMENTS FILED WITH THE COURT</u>

1.      Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity)

2.      True and correct copies of all pleadings, process and orders served in this action

3.      State Court Docket Sheet

4.      List of all Counsel of Record