IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KENNETH HARRIS,** | § | |
| | § | |
| | § | |
| **V.** | § | **A-14-CV-1087-LY** |
| | § | |
| **PEERLESS INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Memorandum in Support of Motion to Remand (Dkt. No. 7); and Defendants' Response (Dkt. No. 8). The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

Plaintiff Kenneth Harris ("Harris") was injured in a motor vehicle collision on November 5, 2010, caused by Lori Whitley ("Whitley"), in which Harris sustained "extensive personal injuries." (Dkt. No. 7). Whitley maintained an automotive liability policy with a liability limit of $50,000. Harris' employer, Russell & Traugott Painting & Decorating Ltd., maintained a motor vehicle policy, Policy No. BA 8325449 ("Policy"), with Peerless Indemnity Insurance Company ("Peerless"), which provided underinsured motorist coverage for the vehicle Harris was operating at the time of the collision. *Id*. Alleging that the $50,000 liability limit on Whitley's policy rendered Whitley "underinsured" for the damages she caused Harris, on October 30, 2014, Harris sued Peerless in the

200th District Court of Travis County, Texas, seeking underinsured motorist benefits under the Policy. *See Harris v. Peerless Indemnity Insurance Company*, D-1-GN-14-4563, in the 200th District Court of Travis County Texas, Dkt No. 1, Exh. A.  In his state court Original Petition, Harris requests a judgment pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code declaring that Lori Whitley is an underinsured motorist, and that Harris' damages fall within the coverage afforded by the Policy.  Harris also claims: breach of duty of good faith and fair dealing; violations of the Texas Insurance Code §§ 541.060 and 542.051 *et seq.*; and breach of contract. *Id.*

On December 9, 2014, Peerless removed the case to federal court on the basis of diversity. Harris now moves to remand, asserting that pursuant to 28 U.S.C. § 1332(a)(1)(A)[1], in a direct action against an insurer, the insurer is deemed to be a citizen of the state of which the insured is a citizen. Harris argues, that because he and his employer, Russell & Traugott Painting & Decorating Ltd., are both citizens of Texas, Peerless should also be deemed a Texas citizen.  Peerless responds that: (1) Texas law does not permit the direct actions contemplated in 28 U.S.C. § 1332(c)(1)(A); (2) an uninsured/underinsured insurance policy is not "liability insurance" under § 1332; and (3) § 1332(c)(1) is applicable only to suits against a third-party tortfeasor's insurance carrier. Dkt. No. 8 at 1.

## II. ANALYSIS

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, and complete diversity of citizenship between the parties.  28 U.S.C. §§ 1331 and 1332.  Here, Peerless alleges diversity of citizenship as the basis of the Court's

---

[1] Harris incorrectly refers to 28 U.S.C. § 1332(a)(1)(A).  The correct subsection is § 1322(c)(1)(A).

jurisdiction. A federal court may exercise diversity jurisdiction after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b)(2); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). Harris alleges that there is no diversity jurisdiction in this case because Peerless qualifies as a Texas citizen pursuant to the "direct action" exception set out in 28 U.S.C. § 1332(c)(1).

Under § 1332(c)(1), in "direct actions" against an insurer in which the insured is not joined as a defendant, the insurer is deemed not only to be a citizen of its state of incorporation and of its principal place of business but also of the state of which its insured is a citizen. 28 U.S.C. § 1332(c)(1). Congress enacted this provision to eliminate the basis for diversity in states that allow injured parties to seek damages from an insurance company without joining the insurance company's insured as a party-defendant. *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9 (1989); *Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985); *see also Adams v. State Farm Mut. Auto. Ins. Co.*, 313 F.Supp. 1349, 1352 (N.D. Miss. 1970) (noting that Congress did not intend for § 1332(c)(1) to apply to suits by an insured against his own insurer).

An insured person's suit against his insurer, such as this suit, is not a "direct action," and therefore "the section 1332(c)(1) direct action provision does not preclude diversity jurisdiction." *Blankenship v. Sentry Ins. Co.*, 1995 WL 861099, *1 (S.D. Tex. 1995) (citing *Beckham v. Safeco Ins.*, Co., 691 F.2d 898, 901–02 (9th Cir. 1982))*; Guerrero v. State Farm Mut. Auto. Ins. Co.,* 181 F.3d 97, 1999 WL 346977 at FN. 1 (5th Cir. 1999) (stating that 28 U.S.C. § 1332(c)(1) was "not intended to thwart diversity in suits between an insured and the insured's own insurance company");

*Peace Tabernacle v. Nationwide Property & Casualty Ins. Co.*, No H–10–2363, 2010 WL 4583125, *3–4 (S.D. Tex. Nov.4, 2010)*; Barton v. Allstate Ins. Co.*, 729 F.Supp. 56, 57 (W.D. Tex. 1990); *Fortson*, 751 F.2d at 1159.

Additionally, Texas law does not permit direct actions against third-party liability insurers to which the direct action provision of 28 U.S.C. § 1332(c)(1) could apply. *Ohio Cas. Ins. Co. v. Time Warner Entertainment Co., L.P.*, 244 S.W.3d 885, 888 (Tex. App. – Dallas 2008, pet. denied) (holding that, in Texas, a "tort claimant has no direct cause of action against the tortfeasor's liability insurer until the insured-tortfeasor is adjudged liable to the tort claimant.").

Harris is not bringing suit against a third-party liability insurer. Rather, Harris' suit is an action by him against his own insurance company. Thus, this suit is not a direct action under the meaning of 28 U.S.C. § 1332(c)(1). Consequently, Peerless is an Illinois citizen for the purposes of diversity jurisdiction, and the complete diversity requirement of federal jurisdiction is satisfied, rendering remand to state court improper.

### III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Remand (Dkt. No. 7).

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE